Barkley B. Smith, ISBN 9193
BARKLEY SMITH LAW, PLLC
206 W. Jefferson St.
Boise, ID 83702
P: 208-481-4812
E: barkley@barkleysmithlaw.com

Joseph L. Gentilcore*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
P: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com
\* *Application for admission
   pro hac vice forthcoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **KENNETH E. RATCIL,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  1:20-cv-137 |
| vs. ) | |
| ) | |
| ) | |
| **FIRST ADVANTAGE BACKGROUND** ) | |
| **SERVICES CORPORATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

### Preliminary Statement

1. This is an action for damages brought by an individual consumer, Kenneth E. Ratcil, against Defendant First Advantage Background Services Corp. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**Parties**

4. Plaintiff Kenneth Ratcil is an adult individual residing in Boise, ID.

5. Defendant First Advantage Background Services Corporation ("First Advantage") is a consumer reporting agency that regularly conducts business in the District of Idaho and which has a principal place of business located at 1 Concourse Parkway NE, Suite 200 Atlanta, GA.

**Factual Allegations**

6. In or around January 2020, Plaintiff applied for a position with a job placement agency, PeopleReady.

7. As part of his job application, Plaintiff signed a document purportedly authorizing PeopleReady to obtain a consumer report for employment purposes.

8. PeopleReady requested a consumer report from First Advantage and First Advantage sold to PeopleReady a consumer report concerning the Plaintiff on or around January 24, 2020 ("First Report").

9. The First Report furnished by First Advantage was for employment purposes.

10. This First Report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with PeopleReady.

11. Defendant First Advantage has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12. The inaccurate information in the First Report includes, but is not limited to, a record of a 1996 felony criminal conviction.

13. Plaintiff does not have a felony conviction.

14. The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted felon. There is perhaps no greater error that a consumer reporting agency can make.

15. The derogatory inaccuracies appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

16. Following Defendant's dissemination of the inaccurate First Report, Plaintiff reached out to Defendant and disputed the inaccurate information.

17. In response, Defendant failed to perform a proper investigation, and instead on or around January 28, 2020, disseminated an additional report with additional inaccuracies to third-parties ("Second Report").

18. The Second Report furnished by First Advantage was for employment purposes.

19. This Second Report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with PeopleReady.

20. The inaccurate information in the Second Report includes, but is not limited to, a record of a 2007 felony criminal conviction.

21. Plaintiff does not have a felony conviction.

22. The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted felon. There is perhaps no greater error that a consumer reporting agency can make.

23. The derogatory inaccuracies on the Second Report appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

24. Plaintiff was subsequently denied certain employment opportunities with PeopleReady, and Plaintiff was informed by PeopleReady that the basis for this delay was the inaccurate felony convictions that appear on the First Report and Second Report disseminated by First Advantage and that the inaccurate information was a substantial factor for the denial.

25. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## **Count I – Violations Of The FCRA**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto, First Advantage was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively.

30. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

32. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, First Advantage is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

33. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Jury Trial Demand

34. Plaintiff demands trial by jury on all issues so triable.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Barkley B. Smith
Barkley B. Smith, ISBN 9193
BARKLEY SMITH LAW, PLLC
206 W. Jefferson St.
Boise, ID 83702
P: 208-481-4812
E: barkley@barkleysmithlaw.com

Joseph L. Gentilcore*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
P: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com
* *Application for admission*
  *pro hac vice forthcoming*

*Attorneys for Plaintiff*

Dated:  March 18, 2020